IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN LEW PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3018 |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | MEMORANDUM AND ORDER |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Justin Lew Parker claims in this Social Security appeal that the Commissioner's decision to deny him Social Security benefits is contrary to law and not supported by substantial evidence. The Commissioner's decision will be affirmed.

### BACKGROUND

In March, 2010, Plaintiff applied for benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging that since February 28, 2008,[1] he has been unable to engage in any type of substantial and gainful work activity due to nerve damage to his left arm; diabetes mellitus, type II, and related neuropathy; hypertension; chronic sore left foot; arthritis; and an ulcer on his left foot. (Tr. 160.) Plaintiff's application was denied initially (Tr. 73-81) and on reconsideration. (Tr. 84-88.) Subsequently, he appealed the denial to an administrative law judge ("ALJ").

Following an administrative hearing, the ALJ issued an unfavorable decision on January 12, 2012, concluding that Plaintiff is not "disabled" within the meaning of the Act. (Tr. 10-20.) In his decision, the ALJ evaluated Plaintiff's disability claim by following the

---

[1] At his administrative hearing, Plaintiff amended his onset date to February 4, 2010. (Tr. 33-34.)

five-step sequential analysis prescribed by the Social Security Regulations.[2]  *See* 20 C.F.R. §§ 404.1520 and 416.920.  In doing so, the ALJ formulated Plaintiff's residual functional capacity ("RFC")[3] as follows:

> [Plaintiff] has the residual functional capacity to lift and carry up to ten pounds.  He is able to stand or walk for up to two hours in an eight-hour workday and sit for up to six hours in an eight-hour workday.  He is able to perform work that does not require more than occasional stooping, climbing, bending, kneeling, crawling or crouching.  He has full range of motion of the left upper extremity and is able to use his arm/hand for frequent (not constant) handling, fingering or feeling.  He is able to work in an environment that does not place him in concentrated exposure to wetness or temperature extremes of hot or cold.

---

[2] The Social Security Administration uses a five-step process to determine whether a claimant is disabled.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006) (citations omitted).

[3] RFC, or "residual functional capacity," is what the claimant is able to do despite limitations caused by all of the claimant's impairments.  *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (citing 20 C.F.R. § 404.1545(a)).

(Tr. 14.)

Plaintiff requested review of the ALJ's decision by the Appeals Council of the Social Security Administration. Plaintiff's request for review was denied on November 20, 2012. (Tr. 1-3.) Thus, the ALJ's decision stands as the final decision of the Commissioner of Social Security.

## DISCUSSION

A denial of benefits by the Commissioner is reviewed to determine whether the denial is supported by substantial evidence on the record as a whole. Hogan v. Apfel, 239 F.3d 958, 960 (8th Cir. 2001). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. at 960-61 (quotation and citation omitted). Evidence that both supports and detracts from the Commissioner's decision must be considered, but the decision may not be reversed merely because substantial evidence supports a contrary outcome. See Moad v. Massanari, 260 F.3d 887, 890 (8th Cir. 2001).

Plaintiff makes two arguments on appeal. First, Plaintiff contends that the ALJ improperly formulated his RFC by limiting Plaintiff to "frequent" use of his left arm and hand. Second, Plaintiff asserts that the ALJ had a duty to order additional medical examination or testing to assist the ALJ in evaluating whether Plaintiff was, in fact, disabled due to his arm and hand limitations or whether he had the ability to use his left arm and hand frequently.

### I.   Assessment of Plaintiff's RFC

Plaintiff's primary argument on appeal is that the ALJ inaccurately assessed his RFC by concluding that Plaintiff had "frequent" use of his left arm and hand. Plaintiff claims that there is no evidence from a treating provider that indicates that Plaintiff can use his left arm and hand frequently and that all of the medical evidence regarding his arm and hand indicates significant limitations. Simply put, Plaintiff argues that the ALJ failed to evaluate Plaintiff's claim based on the substantial evidence of record.

3

The medical evidence shows that in 2006, Plaintiff was stabbed in his left shoulder. (Tr. 320.) When he sought treatment in February 2008, the physical therapist noted Plaintiff had some difficulties using his left arm and hand, and that he had some muscle atrophy. (*Id.*) The treatment notes reflect that Plaintiff had weakness and decreased sensation in his digits with a weak three-point pinch and inability to cylinder grip or key pinch, but that he retained a full range of motion in his shoulder and elbow. (*Id.*) Plaintiff was referred to occupational therapy at that time, however, the record does not show that Plaintiff ever pursued such treatment.

Shelley VanHoozer ("VanHoozer"), a nurse practitioner, performed a consultative examination of Plaintiff in April, 2010. (Tr. 248-50.) She confirmed that Plaintiff had medial nerve damage at the left brachial plexus from a stabbing injury in 2006. (Tr. 248-49.) VanHoozer noted that Plaintiff had moderate difficulty moving the second and third fingers on his left hand. (Tr. 248.) VanHoozer found that Plaintiff would have "limited" use of his left arm and hand, and that he cannot carry with the left hand. (Tr. 249-250.)

On May 11, 2010, Glen Knosp, M.D., prepared a consultative residual functional capacity assessment, finding that Plaintiff's left arm/hand was "limited in ability to grasp" (Tr. 252) and that Plaintiff had "[l]imitations in handling and fingering on the left side only." (Tr. 254.) Dr. Knosp found that Plaintiff would be limited to light work activity, meaning he could lift and carry 20 pounds occasionally, 10 pounds frequently, sit and stand 6 hours out of an eight hour day and would have "limited" use of his left upper extremity. (Tr. 251-258.) Dr. Knosp did not quantify the word "limited" with terms of constant, frequent or occasional use. Dr. Knosp further noted that Plaintiff "is less than fully credible." (Tr. 258.)

Having reviewed the matter, the Court finds that the ALJ's RFC determination is supported by substantial evidence on the record as a whole. As recognized by Plaintiff, no medical provider opined as to exact limitations caused by Plaintiff's left upper extremity, or the extent of any such limitations. *See Brown v. Chater*, 87 F.3d 963, 965 (8th Cir. 1996) (finding that lack of significant restrictions imposed by treating physicians supported the ALJ's decision of no disability). Despite this, the ALJ recognized that Plaintiff did face some limitations in the use of his left arm and hand, and included a limitation in Plaintiff's RFC to address those limitations. (Tr. 14, 17.) Specifically, after determining there was no

4

medical evidence to support Plaintiff's contention that he was completely unable to use his left arm and hand in any meaningful capacity, the ALJ reasonably restricted Plaintiff to frequent, but not constant, use of his left upper extremity.

The ALJ also considered Plaintiff's credibility in formulating the RFC. At the hearing, Plaintiff testified that he graduated from high school. (Tr. 38.) He stated that he worked for approximately a month in January, 2011, as a slot technician, until the casino closed. (Tr. 36, 37, 39, 41, 48.) Plaintiff further testified that he could not lift anything with his left hand, squeeze his hand into a fist, or hold onto items. (Tr. 49.) He described his left arm as "kind of like dead." (Tr. 50.) As pointed out by the ALJ, however, despite Plaintiff's claimed limitations, he sought little medical treatment for his left arm and hand. During the course of several years following the stabbing, Plaintiff did not report any problems to treating providers regarding the use of his left arm or pain in the extremity. (Tr. 17.) Moreover, although Plaintiff was referred to occupational therapy in both 2008 and 2011, he failed to obtain this treatment. (Tr. 320, 505.) See Gray v. Apfel, 192 F.3d 799 (8th Cir. 1999) (finding that substantial evidence supported ALJ's determination that the claimant's subjective complaints of pain were not credible where the claimant failed to follow through with suggested rehabilitation treatment); Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility").

The ALJ is responsible for assessing the credibility of a claimant's subjective testimony about his or her limitations. See Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." Id. at 714. In this case, the ALJ pointed to substantial evidence in the record supporting her decision to discount Plaintiff's allegations. As such, the Court defers to the ALJ's credibility finding.

It is clear that in formulating Plaintiff's RFC, the ALJ considered all relevant evidence, including, but not limited to, medical opinions, treatment records, and Plaintiff's own testimony. From her decision, it is apparent to the Court that the ALJ considered how Plaintiff is limited by his left arm and hand. The ALJ's RFC assessment is supported by substantial evidence and any argument that the ALJ improperly arrived at Plaintiff's RFC is

without merit.

## II.     Development of the Record

Plaintiff maintains that the ALJ failed to properly develop the record. Specifically, Plaintiff claims that if the medical records presented did not give the ALJ sufficient medical evidence to determine whether Plaintiff was disabled, she was required to order medical examinations and tests. Plaintiff claims that the ALJ must be able to explain how she is quantifying the level of limitation in Plaintiff's left arm and hand. The Court finds Plaintiff's arguments in this regard unpersuasive.

The ALJ has a duty to develop the record fully and fairly, however, it is the claimant's responsibility to provide medical evidence to show that he or she is disabled. 20 C.F.R. §§ 404.1512, 416.912. *See* Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) ("Although the record does not show why that evaluation was not completed, [the claimant] has the burden to offer the evidence necessary to make a valid decision about her claim.") On appeal, reversal due to failure to develop the record is only warranted if such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Contrary to Plaintiff's assertion, the ALJ was not required to obtain a medical opinion that Plaintiff could use his left arm and hand frequently. The ALJ's limitation to frequent use was simply a determination that Plaintiff had failed to establish more significant limitations. Additional examination was not essential to develop a full and fair record in this case and Plaintiff was not prejudiced by the ALJ's failure to order such examination.

## CONCLUSION

For the reasons stated, and after careful consideration of each argument presented in Plaintiff's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

**IT IS ORDERED** that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

**DATED November 20, 2013.**

> **BY THE COURT:**
>
> S/ F.A. Gossett
> **United States Magistrate Judge**